IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80-035-01






EX PARTE STEVEN MCQUEEN WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W08-41179-X(A) IN THE CRIMINAL DISTRICT COURT 6 


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
murder, and was sentenced to thirty years' imprisonment. 

 Applicant contends, inter alia, that his plea was not knowingly and voluntarily entered, that
his waiver of appeal should not have been effective, and that his trial counsel rendered ineffective
assistance because, inter alia, counsel failed to get a plea agreement in writing, failed to present
evidence during the punishment phase of an agreement that had been negotiated in exchange for
Applicant's truthful testimony against his co-defendants, failed to advise the sentencing court that
Applicant was eligible for deferred adjudication community supervision or file a motion for
community supervision, and failed to present character witnesses at the punishment stage. 

 Applicant's trial counsel and co-counsel both submitted affidavits responding, at least in part,
to Applicant's allegations. However, the record does not contain sufficient information regarding
what exactly transpired during Applicant's plea and sentencing to address all of Applicant's claims.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with transcripts of the plea and
sentencing hearings. The trial court shall make findings of fact and conclusions of law as to whether
Applicant had an agreement by which he would testify truthfully at his co-defendants' trials, would
enter an open plea of guilty to Judge John Nelms, and would receive a sentence of less than twenty
years' imprisonment. The trial court shall make findings as to whether Applicant testified truthfully
at his co-defendants' trials. The trial court shall make findings as to whether Applicant's waiver
of appeal was entered when he believed that he would be sentenced by Judge John Nelms. The trial
court shall make findings as to why Judge Nelms accepted Applicant's plea of guilty, but Judge
Howard presided over Applicant's sentencing. The trial court shall make findings as to whether
Applicant was given the opportunity to withdraw his plea or appeal from his sentencing after he
learned that Judge Nelms would not be sentencing him for the charge. The trial court shall make
findings as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 11, 2013

Do not publish